IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| ZACHARY TYLER SMITH, | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-221-A |
| | § | |
| NATHANIEL QUARTERMAN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

ORDER

Came on for consideration the above-captioned action wherein Zachary Tyler Smith is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On May 9, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by June 2, 2008. On June 2, 2008, petitioner filed his written objections. Respondent has not made any further response. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or recommendations to which specific objection

is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

The standard governing the court's evaluation of the merit of the petition is as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). <u>See also</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Woven into virtually all of petitioner's objections is an argument that, if the tape recordings about which he complains were to be disregarded, there would not be sufficient evidence to support his conviction and that, in any event, he is not guilty of the offense for which he was convicted. He challenges the credibility of witnesses who testified against him in trial. The

2

court has studied the entire record of petitioner's trial, and is satisfied, and concludes, that the jury's verdict of guilty is amply supported by the evidence. Indeed, if the jury had found defendant not guilty, there would be a question as to whether the jury had conducted itself rationally. Virtually every witness who testified at the trial had some area of vulnerability from a credibility standpoint, but the cumulative effect of the evidence against petitioner was so great that the guilty verdict was inevitable.

The court is persuaded that the Magistrate Judge's findings and conclusions are proper. Petitioner has provided no reason why the findings and conclusions of the state court in petitioner's state habeas proceeding should not be given effect. When the statutory standard of review is applied, there is no arguable basis for a grant of federal habeas relief to petitioner.

The trial judge did not err in allowing the jury to hear the recorded telephone calls between petitioner and Oslin. The record did not support petitioner's contention that Oslin was acting as agent for the State when he accepted petitioner's telephone calls. Even if petitioner's right to counsel was circumvented by the conduct of the State in arranging for Oslin to return petitioner's calls, any constitutional error was harmless. The evidence of

petitioner's guilt, putting the telephone calls aside, was so persuasive that the court finds that if the jury had not heard the telephone calls its verdict probably would have been the same.

The prosecutorial misconduct claim petitioner makes is but a rewording of his meritless contentions that his constitutional rights were violated when the jury was allowed to hear the tapes of the telephone conversations. Nor is there any evidentiary basis for the other prosecutorial misconduct claims of petitioner. As to petitioner's claim of mental incompetency, the state court's finding that the trial court did not err by failing to order a competency hearing was not unreasonable, and is supported by the record. Moreover, petitioner procedurally defaulted his competency claim. He could have, but failed to raise it, in his direct appeal.

The court accepts the findings, conclusions and recommendation of the magistrate judge. Therefore,

The court ORDERS that the petition in this action be, and is hereby, denied.

SIGNED June 4, 2008.

JOHN McBRYDE
United States District Judge